# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES DUO,<br><br>        Petitioner,<br><br>    v.<br><br>UNKNOWN,<br><br>        Respondent. | Case No. 1:23-cv-01702-EPG-HC<br><br>FINDINGS AND RECOMMENDATION TO DENY PETITION FOR WRIT OF HABEAS CORPUS<br><br>(ECF Nos. 1, 11)<br><br>ORDER DIRECTING CLERK OF COURT TO ASSIGN DISTRICT JUDGE |

Petitioner James Duo is a federal prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging a prison disciplinary proceeding for insufficiency of evidence. For the reasons discussed herein, the undersigned recommends denial of the petition for writ of habeas corpus.

**I.**

**BACKGROUND**

Petitioner currently is in the custody of the Federal Bureau of Prisons ("BOP") at the United States Penitentiary in Atwater, California ("USP Atwater"). (ECF No. 1 at 2.[1]) The underlying incident and disciplinary proceeding, however, occurred while Petitioner was housed at the Federal Correctional Institution in Victorville, California ("FCI Victorville"). (App. 8. [2])

---

[1] Page numbers refer to the ECF page numbers stamped at the top of the page.
[2] "App." refers to the Appendix filed by Respondent. (ECF No. 11-1.) Appendix page numbers refer to the page numbers stamped at the bottom right corner.

The reporting officer described the incident as follows: At 8:20 p.m. on March 7, 2023, a phone was placed in cell 110 in the special housing unit ("SHU") at FCI Victorville. At 8:26 p.m. Correctional Officer D. Tito was monitoring the live phone calls and discovered that a phone call was made using inmate Marcus Orosco's PAC number.[3] However, the phone was placed in cell 110, which is occupied by inmates Melvin Williams and James Duo. (App. 8.)

That same day, an incident report was prepared, charging Petitioner with phone abuse (disruption of monitoring), in violation of BOP Disciplinary Code 297. (App. 8.) Lieutenant S. Luna investigated the charge and found that Petitioner was properly charged and forwarded the report and investigation to the Unit Disciplinary Committee ("UDC") for further disposition. (App. 10.) On March 12, 2023, the UDC referred the charge to the disciplinary hearing officer ("DHO") for further hearing. (App. 9.)

On March 21, 2023, the DHO conducted a hearing and found that the act was committed as charged. (App. 13, 14.) Petitioner was assessed a sanction of twenty-seven days of disallowed good conduct time and loss of phone privileges for three months. (App. 5, 15.) Petitioner exhausted his administrative remedies. (App. 3.)

On December 8, 2023, Petitioner filed the instant petition for writ of habeas corpus, challenging the disciplinary proceeding based on insufficiency of evidence. (ECF No. 1 at 3.) On March 7, 2023, Respondent filed a response.[4] To date, no reply has been filed, and the time for doing so has passed.

## II.

## DISCUSSION

In his sole claim for relief, Petitioner asserts that there was insufficient evidence to support the DHO's finding that Petitioner used another inmate's PAC number. Petitioner argues

---

[3] "For security reasons, inmates are assigned a Phone Access Code ('PAC'), which is a numeric identifier attached to an inmate. Because inmate phone calls are subject to staff monitoring, the use of PAC numbers facilitates staff's ability to identify the inmate on the call. Inmates attempt to circumvent staff monitoring of their calls by using another inmate's PAC number[.]" (App. 2–3.)

[4] Although the responsive pleading is titled as a "motion to dismiss and response," Respondent does not raise any grounds for dismissal, addresses the merits of the petition, and concludes that "the petition should be denied." (ECF No. 11 at 6.)

that the other inmate assigned to the cell was the one who used another prisoner's PAC number. (ECF No. 1 at 3.)

Prisoners cannot be entirely deprived of their constitutional rights, but their rights may be diminished by the needs and objectives of the institutional environment. Wolff v. McDonnell, 418 U.S. 539, 555 (1974). Prison disciplinary proceedings are not part of a criminal prosecution, so a prisoner is not afforded the full panoply of rights in such proceedings. Id. at 556. When a prison disciplinary proceeding may result in the loss of good time credits, due process requires that the prisoner receive: (1) advance written notice of the charges at least twenty-four hours before a disciplinary hearing; (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; and (3) a written statement by the fact-finder of the evidence relied on and the reasons for the disciplinary action. Superintendent v. Hill, 472 U.S. 445, 454 (1984); Wolff, 418 U.S. at 563–67. Inmates are entitled to an impartial decisionmaker in a disciplinary proceeding. Wolff, 418 U.S. at 570–71.

In addition to various procedural requirements for disciplinary proceedings as set forth in Wolff, due process requires that there be "some evidence" to support the disciplinary decision to revoke good time credits. Hill, 472 U.S. at 454–55. "Ascertaining whether this standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence. Instead, the relevant question is whether there is any evidence in the record that could support the conclusion . . . ." Id. at 455–56.

In concluding that Petitioner committed the act as charged, the DHO Report stated:

> The DHO relied upon the Evidence Photograph which was dated March 7, 2023, at 8:25:23 p.m., depicting the telephone in front of the door of Cell 110 on A-Range being actively used as the receiver had been lifted from the phone and the cord to the receiver was going through the food slot.
>
> The DHO relied upon the Sentry Roster for A-Range of the FCI I Special Housing Unit which indicated the occupants of cell 110 were inmate DOU and inmate Williams.
>
> The DHO considered the Monitor Recorded Calls log provided for phone station 3138-VIM-Z-M which indicated a call was placed from the account of Marcus Orozco on March 7, 2023, and connected at 8:26 p.m. to phone number 434-835-2423. The DHO also took note that a call was placed from the account of inmate

        DOU immediately after the call from inmate Orozco's account was disconnected. This call from DOU's account was connected at 8:40 p.m. and was placed to telephone number 267-670-4680.

        The DHO considered the testimony provided by the witness, inmate WILLIAMS, who stated he used his own PIN and PAC to place a call.

        The DHO reviewed the investigation and UDC portions of the disciplinary process and noted inmate DOU declined the opportunity to provide a statement of defense during the investigation. However, during the UDC, inmate DOU stated he was not guilty.

        The DHO considered inmate DOU's statement at his DHO hearing in which he denied the charge, stating "I was not on the phone. I never used that guy's phone." The DHO found this statement to be unconvincing due to the fact the telephone was not moved from the door of cell 110 and a call was immediately placed after the call from Orozco's account.

        Based upon the incident report as written, the evidence photograph depicting the telephone station in front of cell 110 where the inmate was housed, the Sentry roster indicating the inmate was assigned to cell 110, and the Monitor Recorded Calls log indicating two calls were placed from the phone station as it sat in front of cell 110, the DHO was convinced inmate James DOU, Register Number 63538-066, did Abuse the Phone for Purposes Other Than Criminal, in violation of Code 297.

(App. 18–19.)

        The Court is not tasked with weighing evidence or assessing credibility of witnesses in order to determine whether the requirements of due process are satisfied. "Instead, the relevant question is whether there is any evidence in the record that could support the conclusion . . . ." Hill, 472 U.S. at 455–56. Additionally, "[t]he Federal Constitution does not require evidence that logically precludes any conclusion but the one reached by the disciplinary board." Id. at 457. Here, the DHO relied on "the incident report as written, the evidence photograph depicting the telephone station in front of cell 110 where the inmate was housed, the Sentry roster indicating the inmate was assigned to cell 110, and the Monitor Recorded Calls log indicating two calls were placed from the phone station as it sat in front of cell 110" in finding that Petitioner committed the act as charged. (App. 19.) Therefore, the Court finds that there is "some evidence" to support the decision to disallow good conduct time. Accordingly, Petitioner is not entitled to habeas relief.

### III.

### RECOMMENDATION & ORDER

Based on the foregoing, the undersigned HEREBY RECOMMENDS that the petition for writ of habeas corpus be DENIED.

Further, the Clerk of Court is DIRECTED to randomly ASSIGN a District Court Judge to the present matter.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **THIRTY (30) days** after service of the Findings and Recommendation, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within fourteen (14) days after service of the objections. The assigned United States District Court Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **June 25, 2024**                           /s/ Erica P. Grosjean
                                                                   UNITED STATES MAGISTRATE JUDGE